IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:08-CR-52-MHT |
| | ) | |
| ANDREW O'NEAL LOWERY | ) | |

**<u>ORDER</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on May 12, 2008. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

As explained below there is a serious risk the defendant will not appear and will endanger the safety of another person or the community.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes by both a preponderance of evidence with respect to flight and clear and convincing evidence with respect to dangerousness that the defendant, who is presently 42 years old, has a lengthy criminal history which dates back to 1983. He has felony convictions for robbery, assault, and theft as well as other convictions for domestic violence, criminal trespass, harassment, and possession of drug paraphernalia. With respect to several of these convictions, the defendant initially failed to appear to answer the charge. In 2005, the defendant was convicted of giving a false name. The circumstances of his most recent arrest for public intoxication were that after drinking two bottles of wine, the defendant was shooting a rifle and ran from police when they attempted to arrest him. In 1997, the defendant committed a new offense while on

state probation.  In addition to his remarkable criminal history, the defendant is unemployed (18 months) and has a serious alcohol abuse.  At the hearing, the defendant suggested that he should be placed on electronic monitoring with home detention.  During his initial interview by the pretrial services officer the defendant candidly admitted his alcohol abuse remarking that he will drink alcohol whenever he can get.  Electronic monitoring does not insure that a defendant will appear; it only insures that law enforcement is quickly notified the defendant has absconded.  The combination of his alcohol abuse, probation violation and failures to appear with his history of violence convince the court that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.  In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

      Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or

on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

    Done this 13th day of May, 2008.

                                       /s/Charles S. Coody  
                                       CHARLES S. COODY  
                                       CHIEF UNITED STATES MAGISTRATE JUDGE

.